1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                        SOUTHERN DISTRICT OF CALIFORNIA

10

11   GET OUTDOORS II, LLC, a Nevada   )   Civil No. 03cv1437 W(RBB)
     limited liability company, dba   )
12   GET OUTDOORS, LLC, in            )   **ORDER IMPOSING SANCTIONS ON**
     California,                      )   **DEFENDANT CITY OF EL CAJON FOR**
13                                    )   **FAILURE TO PARTICIPATE IN**
                        Plaintiff,    )   **SETTLEMENT CONFERENCES IN GOOD**
14                                    )   **FAITH**
     v.                               )
15                                    )
     CITY OF EL CAJON; DOES 1-25,     )
16   inclusive,                       )
                                      )
17                      Defendants.   )
     ─────────────────────────────── )
18

19        On August 7, 2006, the Court decided that sanctions should be

20   imposed on the City of El Cajon under Federal Rule of Civil

21   Procedure 16(f) for failure to participate in settlement

22   conferences in good faith.  (Mins. Aug. 7, 2006.)  The City was

23   ordered to pay Get Outdoors' attorneys' fees and costs incurred in

24   connection with settlement conferences and negotiations from May

25   12, 2006, through June 30, 2006, and additional specified items

26   [doc. no. 79].  The Court directed the Plaintiff to submit itemized

27   billing records so that a calculation of the total amount of

28   sanctions could be made.  Get Outdoors filed a request for

                                     1

$17,373.01 in fees and costs [doc. nos. 84-85].  Plaintiff later increased its request to $18,151.01 [doc. no. 88].

## I. PROCEDURAL HISTORY

Plaintiff Get Outdoors II, L.L.C., ("Get Outdoors") filed a Complaint [doc. no. 1] on July 21, 2003, and a First Amended Complaint [doc. no. 3] on July 24, 2003, against the City of El Cajon seeking declaratory and injunctive relief.  (Compl. 28-29; Am. Compl. 29.)  Get Outdoors is a Nevada company which operates outdoor advertising signs throughout California.  (Am. Compl. 2.)  Plaintiff "investigates possible sign locations, reviews municipal sign regulations, and negotiates with landowners regarding the possibility of posting signs on their property."  (Id. at 3.)  Get Outdoors asserts that it entered into lease agreements with twelve landowners for the construction and operation of one advertising sign on each parcel of land.  (Id. at 3.)

The Complaint alleges that on June 9, 2003, Plaintiff submitted twelve completed applications to post signs within the City of El Cajon.  (Id. at 15.)  On the next day, June 10, 2003, the City informed Get Outdoors that it would not grant the company permits to construct signs at any of the twelve locations.  (Id.)  According to Plaintiff, the City of El Cajon's regulations for issuing permits are unconstitutional because they constitute a prior restraint on speech and grant unfettered discretion to city officials.  (Id. at 16.)

Get Outdoors filed a Motion for Preliminary Injunction [doc. no. 9] and a Memorandum of Points and Authorities in Support of Motion [doc. no. 10] on August 22, 2003.  On August 25, 2003, Defendant gave notice of related cases pending against the City of

San Diego, City of Chula Vista, and City of Lemon Grove [doc. no. 12]. United States District Court Judge Thomas J. Whelan ordered that this action be stayed pending final adjudication of the related cases [doc. no. 24]. In light of the stay, Judge Whelan denied Get Outdoors' Motion for Preliminary Injunction. (Order Staying Action 4.) Get Outdoors filed a Motion for Reconsideration of the Court's Order [doc. no. 29], which Judge Whelan denied on December 16, 2003 [doc. no. 42]. Plaintiff appealed the district court's order staying the action and denying an injunction [doc. no. 31], which the court of appeals subsequently affirmed [doc. no. 45].

The stay expired on June 6, 2005. (Order Extending Stay 2.) This Court held an early neutral evaluation conference on June 29, 2005 [doc. no. 50]. Neither Plaintiff nor Plaintiff's counsel appeared at the conference, so a settlement conference and order to show cause hearing were scheduled for November 9, 2005 [doc. no. 50]. Nine settlement conferences were held with the Court between November 9, 2005, and June 30, 2006 [doc. nos. 54-61, 64]. At the conclusion of the last settlement conference on June 30, 2006, the Court ordered counsel for both parties to "submit simultaneous briefs regarding whether there is a means for imposing sanctions on Defendant and whether sanctions are appropriate." (Mins. June 30, 2006.)

Plaintiff filed a Brief in Support of Request for Sanctions [doc. no. 65] and Defendant filed a curt Memorandum of Points and Authorities re: Authority for Monetary Sanctions in Connection with Participation in Settlement Conference [doc. no. 67] on July 7, 2006. The City of El Cajon later filed a more extensive Response

3

to Plaintiff's Brief [doc. no. 75].  Each of these documents was ordered sealed [doc. nos. 65, 67, 69, 74].  Get Outdoors filed a Motion to Strike Defendant's Response to Plaintiff's Brief in Support of Request for Sanctions [doc. no. 77] and a Memorandum of Points and Authorities [doc. no. 78], arguing that the Response was not authorized by the Court's prior order.  (Pl.'s Mot. to Strike 2.)  The specifics and the progress of settlement negotiations between Get Outdoors and the City of El Cajon are detailed in the parties' briefs.

On August 7, 2006, an in camera hearing was held on Plaintiff's Request for Sanctions [doc. no. 79].  The Court denied Get Outdoors' Motion to Strike Defendant's Response.  (Mins. Aug. 7, 2006.)  For the reasons stated on the record, sanctions were imposed against the City of El Cajon under Rule 16(f) of the Federal Rules of Civil Procedure.  (Id.)  The Court's order provides as follows:

> The City shall pay all of Plaintiff's attorney's fees and costs incurred in connection with settlement conferences and negotiations from May 12, 2006, through June 30, 2006, as well as attorney's fees and costs incurred in connection with the briefing and appearances on the Request for Sanctions and subsequent briefing regarding the amount of sanctions to be imposed.

(Id.)  Plaintiff was directed to submit a supporting declaration with itemized billing records, which it filed on August 18, 2006 [doc. nos. 84-85].

In this action, Get Outdoors was represented by two law firms and requested a total of $17,373.01 in attorney's fees and costs for the applicable period.  (Webb Decl. 2, Aug. 16, 2006; Lund Decl. 2.)  The City of El Cajon filed a Memorandum of Points and Authorities in Opposition to Declarations Submitted in Support of

4

Plaintiff's Request for Sanctions [doc. no. 86].  Get Outdoors then filed a Reply Brief [doc. no. 87] and a Second Declaration of E. Adam Webb [doc. no. 88].  In Webb's second declaration, Get Outdoors increased its request to $18,151.01 to include fees and costs incurred in preparing its Reply Brief.  (Webb Decl. 2, Sept. 6, 2006.)

## II. DISCUSSION

**A.   Legal Standards for Imposing Rule 16(f) Sanctions**

Rule 16(f) of the Federal Rules of Civil Procedure provides for the imposition of sanctions for failure to participate in settlement conferences in good faith:  "[I]f a party or party's attorney fails to participate [in a scheduling or pretrial conference] in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D)."  Fed. R. Civ. P. 16(f).  Settlement conferences are among the pretrial conferences conducted under Rule 16.  Fed. R. Civ. P. 16(a)(5).  When awarding sanctions under this rule, the court shall require the sanctioned party or the party's attorney to pay the reasonable expenses incurred because of any noncompliance with Rule 16, in addition to or in lieu of any other sanction, unless the court finds that noncompliance was substantially justified.  Fed. R. Civ. P. 16(f).

The imposition of sanctions for failure to participate in pretrial conferences in good faith is justified by the need to avoid unnecessary expense and a waste of the court's and parties' time.  See Francis v. Women's Obstetrics and Gynecology Group, P.C., 144 F.R.D. 646, 649 (W.D.N.Y. 1992).  "Absent the requirement

5

of good-faith participation, recalcitrant litigants and attorneys could frustrate the purpose of the [settlement] conference. Consequently, Rule 16(f) expressly provides the court with the authority to sanction a party or a party's attorney who does not participate in good faith at the conference."  Id. at 647-48.  "We cannot allow parties to waste the court's dispute resolution assets by pretending to support settlement while never intending to settle the case."  Guillory v. Domtar Indus. Inc., 95 F.3d 1320, 1334 (5th Cir. 1996).

The imposition of sanctions under Rule 16(f) is a matter of discretion.  Id.; Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396-97 (9th Cir. 1993); Francis, 144 F.R.D. at 647-48. Depending upon the circumstances, courts may impose a monetary sanction or make other appropriate orders "as are just."  See Fed. R. Civ. P. 16(f).

In determining the amount of attorney's fees to award as sanctions, courts consider "the reasonableness of the fees requested, the minimum that will serve to adequately deter the undesireable behavior, the severity of the violation, and the level of malice or bad faith."  Former Employees of Tyco Elecs. v. U.S. Dep't of Labor, 259 F. Supp. 2d 1246, 1252 (Ct. Int'l Trade 2003); see also Kiser v. Boeing Co., 163 F.R.D. 13, 15 (D. Kan. 1995); 3 James Wm. Moore et al., Moore's Federal Practice § 16.92(5)(b) (3d ed. 2006).

**B.   Defendant's Objections to Plaintiff's Fee Request**

The City of El Cajon objects to several items included in Plaintiff's billing records.  In total, Defendant asks that Get

1   Outdoors' initial request for sanctions be reduced from $17,373.01
2   to $5,522.50.  (Def.'s Opp'n 3.)

3       **1.   Objection that Plaintiff Seeks Duplicative Fees**

4       Defendant claims that Plaintiff's sanctions request should be
5   reduced by $1,370.25 for "duplicative work" reflected in several
6   time entries.  (Def.'s Opp'n 2.)  A court may exercise its
7   discretion to reduce attorney's fees if the billed services are
8   duplicative or unreasonable.  <u>Childress v. Darby Lumber, Inc.</u>, 357
9   F.3d 1000, 1010 (9th Cir. 2004).  Some courts are skeptical of any
10  claim that "more than one attorney was necessary to perform a
11  single task."  <u>Padro v. Puerto Rico</u>, 100 F. Supp. 2d 99, 106 (D.
12  P.R. 2000) (citing <u>Pearson v. Fair</u>, 980 F.2d 37, 47 (1st Cir.
13  1992), <u>aff'd in part</u>, <u>modified in part sub nom. Gay Officers Action</u>
14  <u>League v. Puerto Rico</u>, 247 F.3d 288 (1st Cir. 2001).  Other courts
15  recognize that "[m]any tasks require or benefit from the attention
16  of more than one attorney."  <u>Bleecker Charles Co. v. Bleecker St.</u>
17  <u>Apt. Corp.</u>, 212 F. Supp. 2d 226, 230 n.5 (S.D.N.Y. 2002) (citing
18  <u>EEOC v. Local 638, Sheet Metal Worker's Int'l Ass'n</u>, 1991 WL
19  278917, at *2 (S.D.N.Y. Dec. 18, 1991), <u>aff'd</u>, 327 F.3d 197 (2d
20  Cir. 2003).  Here, if the efforts of multiple attorneys do not
21  benefit the client, the Court will consider the attorney's services
22  as duplicative.

23      The City of El Cajon claims that Mr. Lund's time entries for
24  May 11, 2006, and May 12, 2006, are duplicative, because Lund
25  attended a telephonic conference on May 11 but also seeks
26  compensation for a court appearance on May 12.  (Def.'s Opp'n 2.)
27  Defendant's argument is flawed.  The telephonic court appearance
28  for which Mr. Lund seeks compensation was held on May 12, 2006

[doc. no. 61].  Mr. Lund's time entry on May 11 refers to
"<u>preparation</u> <u>for</u>" the May 12 conference.  (Pl.'s Reply Br. 2.)  The
two entries are not duplicative; one refers to preparation for a
conference, and the other refers to the conference.

     The Defendant also objects that Mr. Webb and Mr. Lund, the two
attorneys representing Get Outdoors, are seeking fees for
completing the same tasks.  (<u>Id.</u>)  The City claims:  "Mr. Lund's
entries for July 5th and 6th for 1.3 and 1.2 hours respectively,
duplicate efforts noted in Mr. Webb's declaration for those same
dates."  (<u>Id.</u>)  Mr. Webb's billing entry on July 5, 2006, describes
his work as "[r]esearch for sanction briefing; emails to/from R.
Lund re ____; revise and edit sanctions brief."  (Webb Decl. Ex. A
at 2 (deletion in original).)  Mr. Lund's entry for that day reads:
"Work on File, review sanctions brief, file."  (Lund Decl. Ex. A at
1.)  Similarly, Mr. Webb's entry for July 6, 2006, is "Revise and
edit sanctions brief; call to R. Lund re ____; emails to/from same;
call from W Benham re ____," and Mr. Lund's entry is "Work on File,
call to Adam, review edits, procedural history."  (Webb Decl. Ex. A
at 2 (deletions in original); Lund Decl. Ex. A at 1.)  As explained
by Get Outdoors, these entries refer to separate tasks by each
attorney.  Mr. Webb's office researched and drafted the sanctions
brief; Mr. Lund reviewed and edited it.  (Pl.'s Reply Br. 2.)  Each
of the lawyers performed different tasks to produce the sanctions
brief, and accordingly, the entries in the billing records are not
duplicative.

     Defendant argues that Lund's time entry for August 4, 2006,
"seeks compensation for reviewing the Court's order, researching
Federal Rule 16(f) and forwarding the research to co-counsel," and

03cv1437 W(RBB)

1   Mr. Webb's entries for that date list substantially the same tasks.
2   (Def.'s Opp'n 2; <u>see</u> Lund Decl. Ex. A at 2; Webb Decl. Ex. A at 3.)
3   Get Outdoors claims these entries are not duplicative.  Both
4   attorneys reviewed the Court's order and researched the issue to
5   prepare for the hearing; they then shared and discussed the results
6   of their research.  (Pl.'s Reply Br. 3.)  Plaintiff further
7   stresses, "[g]iven the importance of the issue to the client . . .
8   it is not unreasonable for counsel to have spent a total of 3.3
9   hours researching the issue . . . and preparing for oral argument
10  on said issue." (<u>Id.</u>)

11      "While reasonable hours may include time spent by more than
12  one attorney on a particular issue or task, if there is duplication
13  of effort, the court may reduce the total hours claimed." <u>B & H</u>
14  <u>Mfg. Co., Inc. v. Lyn E. Bright</u>, No. CVF01-6619-AWI-LJO, 2006 WL
15  547975, at *6 (E.D. Cal. Mar. 3, 2006) (citing <u>Davis v. City &</u>
16  <u>County of San Francisco</u>, 976 F.2d 1536, 1544 (9th Cir. 1992)).  Two
17  attorneys consulting with each other does not make their fees
18  duplicative.  <u>See</u> <u>Padro v. Puerto Rico</u>, 100 F. Supp. 2d at 106.
19  Indeed, parties are often represented by two or more attorneys, and
20  it is common for co-counsel to consult with each other when
21  preparing for upcoming hearings.  In light of the total number of
22  hours spent on the sanctions issue and the importance of the issue
23  to Plaintiff, 3.3 hours is a reasonable amount of time for
24  researching and preparing for oral argument.  The Court will not
25  reduce this time from Plaintiff's fee request.

26
27
28

9

**2.    Objection that Plaintiff Seeks Compensation Not Contemplated by the Court's Order**

Defendant claims that Get Outdoors' fee request must be reduced because Plaintiff is not entitled to compensation for fees incurred on May 11, 2006.  (Def.'s Opp'n 2.)  The Court's Order of August 7, 2006, stated:  "The City shall pay all of Plaintiff's attorney's fees and costs incurred in connection with settlement conferences and negotiations from May 12, 2006, through June 30, 2006 . . . ."  (Mins. Aug. 7, 2006.)

Defendant argues that the order precludes any compensation for time prior to May 12, 2006.  The order, however, authorizes the Plaintiff to recover the attorney's fees incurred "in connection with" settlement conferences, beginning with the conference held on May 12.  The tasks performed on May 11, 2006, include reviewing settlement correspondence, phone calls to chambers regarding the conference, and conversations with co-counsel, opposing counsel, and clients.  (Webb Decl. Ex. A at 1; Lund Decl. Ex. A at 1.)  Each of these tasks was undertaken in connection with the May 12 settlement conference.  Accordingly, the legal services performed on May 11, 2006, are contemplated by the Court's order and charges for those services will not be deducted from the Plaintiff's fee request.

The City also claims that all of Mr. Webb's time entries from May 16, 2006, through June 20, 2006, totaling 4.1 hours, should be stricken because they are not related to settlement conferences or negotiations.  (Def.'s Opp'n 2-3.)  These entries relate to preparing a stipulation to extend pretrial deadlines.  (See Webb Decl. Ex. A at 1-2.)  Get Outdoors argues they should be

10

recoverable because they were caused by Defendant's failure to follow through with earlier settlement offers and are "proximately related to the City's bad faith conduct . . . ." (Pl.'s Reply Br. 3-4.)

The Court intended to compensate Get Outdoors for expenses that were directly related to settlement, not for all expenses incurred between May 12, 2006, and June 30, 2006.  See Allstate Financial Corp. v. Stee-N-Foam-Docks, Inc., No. 93-2231-EEO, 1995 WL 7448, at *2 (D. Kan. Jan. 5, 1995) (stating that Rule 16(f) does not authorize "blanket sanctions" for all litigation expenses). Plaintiff's fee request will be reduced by $1,082.00 to reflect the 4.1 hours spent on the stipulation to extend dates. (See Webb Decl. Ex. A at 1-2.)

Defendant claims Get Outdoors' fee request should be reduced by another 0.7 hours for time spent on July 7, 25, and 30, 2006, because these services "have no relationship to either settlement conferences or negotiations." (Def.'s Opp'n 3.)  The billing entries reflect phone calls and email between counsel and clients. (See Webb Decl. Ex. A at 2-3.)  The contents of those conversations were redacted to preserve the attorney-client privilege. (Pl.'s Reply Br. 4.)  To rebut the City's claim, Plaintiff represents that these conversations concerned the sanctions issue, and are properly included in its fee request. (Id.)  Based upon Get Outdoors' representation that these entries relate to the request for sanctions, the fees are recoverable, and the Court will not strike them from the fee request simply because Plaintiff redacted the entries to preserve its attorney-client privilege.

The City objects to Mr. Webb's time entries for May 12, May 15, and June 30, 2006, on the ground that they refer to multiple tasks and some entries have been redacted, making it unclear how much time was spent on settlement issues.  (Def.'s Opp'n 3.) Settlement conferences were held on May 12 and June 30 [doc. nos. 61, 64].  Mr. Webb's billing entries on those dates refer to the conferences, along with phone calls and emails to clients and co-counsel.  (Webb's Decl. Ex. A at 1-2.)  The entry for May 15, however, includes "research re scheduling stipulation."  (<u>Id.</u> at 1.)  It does not specify how much time was spent on the stipulation.  <u>Id.</u>  With this exception, the entries for all three dates, May 12, May 15, and June 30, 2006, show that the legal services were related to the settlement of this action or the award of sanctions.  As discussed earlier, the Court will not compensate Plaintiff for attorney's fees incurred in preparing a stipulation to extend pretrial and trial dates.  Accordingly, the Court will allocate .5 hours to "research re scheduling stipulation" and reduce the 1.8 hours billed by Mr. Webb on May 15 by .5 hours ($155.00).

**3.   Objection that Plaintiff Should Not be Compensated for Unsuccessful Efforts**

Lastly, Defendant argues that Get Outdoors is not entitled to compensation for expenses incurred in connection with Plaintiff's Motion to Strike Defendant's Response because the Motion was denied.  (Def.'s Opp'n 3.)  The City asserts that a prevailing party analysis should be applied, and Get Outdoors should not recover attorney's fees for any efforts which were unsuccessful.  (<u>Id.</u>)  Defendant cites no authority for the proposition that

03cv1437 W(RBB)

attorney's fees awarded as Rule 16(f) sanctions should be limited to successful efforts, nor is the Court aware of any corresponding limitation.

Although the Plaintiff's Motion to Strike Defendant's Response was denied, the Plaintiff's argument was well taken.  The Court had previously ordered the parties to submit simultaneous briefs by July 7, 2006 [doc. no. 64].  Reply briefs were not authorized. Nevertheless, on July 26, 2006, the City unilaterally served Defendant's Response to Plaintiff's Brief [doc. no. 75].  Get Outdoors subsequently filed its Motion to Strike [doc. nos. 77, 78].  The Plaintiff was correct; the Defendant's Response was neither contemplated nor authorized.  Still, the Court exercised its discretion to consider the arguments made by the City.  Get Outdoors lost its Motion to Strike, but its legitimate efforts were the result of the City's attempt to get in the last word.  For this, the Plaintiff should not be penalized.

The purpose of Rule 16(f) sanctions is to insure compliance with a court's pretrial orders and "to compensate opposing parties for inconvenience and expense incurred because of any noncompliance . . . ."  In re Sanction of Baker, 744 F.2d 1438, 1441 (10th Cir. 1984).  The Plaintiff's fees associated with the Motion to Strike were "incurred in connection with the briefing and appearances on the Request for Sanctions . . . ."  Accordingly, Get Outdoors' fee request will not be reduced for attorney's fees associated with the Motion to Strike.

### III. CONCLUSION

Get Outdoors is entitled to recover $16,914.01 in attorney's fees and costs as a result of the failure of the City of El Cajon

13

1  to participate in court-ordered settlement conferences in good

2  faith.  Plaintiff's Request for Sanctions of $18,151.01 has been

3  reduced by $1,237.00 to reflect 4.6 hours spent on a scheduling

4  stipulation rather than settlement or sanctions.

5      **IT IS SO ORDERED.**

6

7  DATED: September 22, 2006

8      Ruben B. Brooks
       United States Magistrate Judge

9

cc:  Judge Whelan
10       All Parties of Record